# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERIE LEATHERMAN, both | : | |
| INDIVIDUALLY, and as the ADMINISTRATRIX | : | |
| Of the ESTATE OF GREGORY BRET WALKER | : | CIVIL ACTION 2:12-cv-03783-JD |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| CABOT OIL & GAS CORPORATION; | : | |
| PIONEER DRILLING SERVICES, LTD.; | : | |
| PIONEER DRILLING, INC.; | : | |
| And DEAN'S CASING SERVICES | : | |

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE BY DEFENDANTS PIONEER DRILLING SERVICES, LTD. AND PIONEER DRILLING COMPANY (INCORRECTLY IDENTIFIED AS "PIONEER DRILLING, INC.")

In accordance with the Court's September 19, 2012 Order, please find Defendants Pioneer Drilling Services, Ltd.'s ("Pioneer Services") and Pioneer Drilling Company's[1] ("Pioneer Drilling," incorrectly identified as "Pioneer Drilling, Inc.") (collectively, the "Pioneer Defendants"), Supplemental Brief in support of their Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the Pioneer Defendants' Motion must be granted and venue transferred to the Middle District of Pennsylvania.

## I.     ARGUMENT

### A.     Standard of Review

In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406 applies where the original venue is improper and provides for either transfer or dismissal of the case. Venue fundamentally refers to locality, the place where a lawsuit should be heard. Wall St. Aubrey Golf, LLC v. Aubrey, 189 Fed. Appx.

---

[1] Please note that, as of July 30, 2012. Pioneer Drilling Company changed its name to Pioneer Energy Services Corp.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERIE LEATHERMAN, both<br>INDIVIDUALLY, and as the ADMINISTRATRIX<br>Of the ESTATE OF GREGORY BRET WALKER | : : : | |
| | : | CIVIL ACTION 2:12-cv-03783-JD |
| vs. | : : | |
| CABOT OIL & GAS CORPORATION;<br>PIONEER DRILLING SERVICES, LTD.;<br>PIONEER DRILLING, INC.;<br>And DEAN'S CASING SERVICES | : : : : | |

### SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE BY DEFENDANTS PIONEER DRILLING SERVICES, LTD. AND PIONEER DRILLING COMPANY (INCORRECTLY IDENTIFIED AS "PIONEER DRILLING, INC.")

In accordance with the Court's September 19, 2012 Order, please find Defendants Pioneer Drilling Services, Ltd.'s ("Pioneer Services") and Pioneer Drilling Company's[1] ("Pioneer Drilling," incorrectly identified as "Pioneer Drilling, Inc.") (collectively, the "Pioneer Defendants"), Supplemental Brief in support of their Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). For the reasons that follow, the Pioneer Defendants' Motion must be granted and venue transferred to the Middle District of Pennsylvania.

### I.      ARGUMENT

#### A.      Standard of Review

In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406 applies where the original venue is improper and provides for either transfer or dismissal of the case. Venue fundamentally refers to locality, the place where a lawsuit should be heard. Wall St. Aubrey Golf, LLC v. Aubrey, 189 Fed. Appx.

---

[1] Please note that, as of July 30, 2012. Pioneer Drilling Company changed its name to Pioneer Energy Services Corp.

1

interest of justice." 28 U.S.C. § 1404(a)-(b).  Analysis of a 1404 motion to transfer has two components. First, the phrase "where it might have been brought" means that the requested venue must be proper under 28 U.S.C. § 1391. <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 879 (3d Cir. 1995). Second, because the purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." <u>Jumara</u>, 55 F.3d at 879.  Transfers of venue pursuant to 28 U.S.C. § 1404(a) are discretionary.  <u>Shutte v. ARMCO Steel Corp.</u>, 431 F.2d 22, 25 (3d Cir. 1970).  Here, transfer of this action to the Middle District of Pennsylvania is appropriate because (1) this action could have been originally brought in the Middle District, and (2) such a transfer would serve the convenience of the parties and witnesses and the interests of justice.

### B.    <u>Venue is Proper in the Middle District of Pennsylvania</u>

In a § 1404(a) analysis, the court must first determine whether the action could have been brought in the prospective transferee court.    As set forth, *supra*, the Court must look to 28 U.S.C. § 1391 to determine proper venue.  That section provides that venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. 28 U.S.C. § 1391.  Section 1391(b)(2) makes clear that venue in the Middle District of Pennsylvania is proper because the case is centered around an accident which occurred on an oil rig which was located at DePaola Farms, in Dimock, Susquehanna County, Pennsylvania. Accordingly,  the  operative  facts  are  centered  around  the  accident  site  in

3

Susquehanna County, which is located in the Middle District of Pennsylvania, and venue is proper in the Middle District.

**C.      This Case Should be Transferred to the Middle District of Pennsylvania because It is a More Convenient Forum**

Once the Court determines that the action could have been brought in the proposed transfer venue, it must then conduct an individualized discretionary analysis centered on the enumerated factors in 1404(a), as well as additional private and public factors. Jumara, 55 F.3d at 879. Because the purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense," the Court is required to undertake a balancing test in deciding whether the "interests of justice [would] be better served by a transfer to a different forum." Jumara, 55 F.3d at 879. In satisfying the balancing test for transfer analysis, "the moving party is not required to show truly compelling circumstances for change of venue, but rather that all relevant things considered the case would be better off transferred to another district." Toll Bros., Inc. v. Nationwide Property and Casualty Ins. Co., C.A. No. 05-1191, 2005 U.S. Dist. LEXIS 23545, at *6 (E.D. Pa. Oct. 13, 2005) (*citing* In re United States, 273 F.3d 380, 388 (3d Cir. 2001)). In this case, a balancing of the private and public interest factors mandate transfer of this action to the Middle District.

**1.      The Private Interest Factors**

The relevant private interest factors include:

- plaintiff's choice of forum;
- defendant's preference;
- the relative ease of access to sources of proof;
- availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses;
- possibility of view of premises, if view would be appropriate to the action; and

- all other practical problems that make trial of a case easy, expeditious and inexpensive.

Jumara, 55 F.3d at 879; Umali v. Am. Skiing Co., 2001 U.S. Dist. LEXIS 15743 (E.D. Pa. Aug. 6, 2001) (citations omitted).

While the "'the plaintiff's choice of venue should not be lightly disturbed.'" Jumara, 55 F.3d at 879 (3d Cir. 1995) (quoting 1A PT. 2 James W. Moor & Brett A. Ringle, Federal Practice P 0.345[5] at 4360 (2d ed. 1995)), "that choice is given less weight where . . . few, if any, of the operative facts took place in this forum, see National Mortgage Network v. Home Equity Ctr., 683 F. Supp. 116, 119 (E.D. Pa. 1988), and the defendant has indicated strong preference for another district." Gallant v. Trustees of Columbia Univ., 111 F. Supp. 2d 638, 647 (E.D. Pa. 2000). Moreover, "'[u]nder the balancing test inherent in any transfer analysis, the weaker the connection between the forum and either the plaintiff or the lawsuit, the greater the ability of a defendant to show sufficient inconvenience to warrant transfer.'" Umali v. American Skiing Company, et al., C.A. No. 00-CV-5305, 2001 U.S. Dist. LEXIS 15743, at *4 (E.D. Pa. Aug. 8, 2001) (quoting Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 199 (D. Del. 1998)).

Here, Plaintiff's choice of forum is the Eastern District of Pennsylvania, and the Defendants' preference is the Middle District of Pennsylvania.    However, Plaintiff, Cherie Leatherman, is an  adult individual residing at 469 Meadow Road, Grand Junction, Colorado, and has no connection with the Eastern District of Pennsylvania.   The only discernible connection between this litigation and this forum is that plaintiff's attorneys are located here which is not a relevant factor. Lamusta, 2000 U.S. Dist. LEXIS 2708 (citing Solomon v. Continental American Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973)).   Conversely, the operative facts giving rise to this lawsuit occurred in Susquehanna County, within the Middle District of Pennsylvania.

This Court has held that the "deference to plaintiff's choice of forum in deciding transfer motions is 'substantially attenuated when the plaintiff's choice of forum is not the plaintiff's residence.'" Rowles v. Hammermill Paper Co., 689 F. Supp. 494, 495-96 (E.D. Pa. 1988) (*quoting* New Image, Inc. v. Travelers Indem. Co., 536 F. Supp. 58, 59 (E.D. Pa. 1981)).   In Rowles, as in this case, the Plaintiff was a resident another State (New Jersey) and his cause of action was based upon an accident that occurred in another county (in Maryland). The Rowles Court explained:

> [P]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum. To insist that plaintiff's choice of forum is controlling would be to render § 1404(a) meaningless. Equally important is the balancing of the other relevant choice-of-forum considerations. In the instant case that balance is strongly weighted in defendant's favor.

> Id. at 496 (internal citation omitted).

As in Rowles, Plaintiff's choice of forum is attenuated by the other relevant choice of forum considerations, including the Defendants' preference, and the ease and accessibility to witnesses and other sources of proof.  While the Defendants, like Plaintiff, are all out of state corporations, the first responders to the accident would be located in the Middle District of Pennsylvania, as would any medical records associated with the Decedent's care following the accident.   If Plaintiff alleges a claim for conscious pain and suffering on the part of her decedent, Mr. Walker, then these records and the testimony of these witnesses is necessary and relevant during discovery and/or trial of this matter.

The eye witnesses to the accident are predominantly employees of the Defendants, who are residents of several different states.  However, it should be noted that, during jurisdictional discovery, the Pioneer Defendants identified a former employee, John Krayeski, who was working on the rig at the time of the accident and is currently a resident of Nicholson,

Pennsylvania, within the Middle District of Pennsylvania.   (See Pioneer's Answers to Jurisdictional Discovery, Exhibit "A").   Additionally, another former Pioneer employee, Jay Kremling, was previously a resident of Springville, Pennsylvania, within the Middle District. Conversely, none of Pioneer's records show that any of its employees or former employees who were working at or near the rig at the time of the accident are residents of the Eastern District of Pennsylvania.   There is also no indication in the discovery produced by Co-Defendants Cabot and Dean's Casing that any witnesses that they may produce would be located within the Eastern District. (See Cabot's Answers, Exhibit "B"; Dean's Casing Answers, Exhibit "C").

Further, Co-Defendant Cabot responded in its answers to venue discovery that the casing at issue in this case is still located in Dimock, Pennsylvania. (See Cabot's Answers to Jurisdictional Discovery, Exhibit "B").   Even though the rig itself is no longer in Pennsylvania, the Pioneer Defendants anticipate that a view of the accident site will be necessary in order to properly formulate its defenses during the course of discovery, if not during trial itself. Accordingly, the relevant private interest factors weigh in favor of transfer to the Middle District.

## 2.   **The Public Interest Factors**

The relevant public interest factors also tip the scales in favor of transfer and include:

- the enforceability of the judgment;
- which forum the case can be tried more inexpensively/ expeditiously;
- relative court congestion in the two forums;
- public interest in local adjudication of local controversies;
- which forum would better serve judicial economy; and
- whether a contractual clause specifies a specific forum.

Jumara, 55 F.3d at 879-880.

Although the judgment would be equally enforceable in either the Middle District or Eastern District of Pennsylvania, the citizens of the Middle District have a greater interest in this

litigation because of the local interest in deciding local controversies at home. Barbera v. Lowe's Home Ctrs., 2009 U.S. Dist. LEXIS 41242 (E.D. Pa. May 15, 2009).  The reason is that "[w]hen an action involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." In re Eastern Dist. Repetitive Stress Injury Litig., 850 F. Supp. 188, 195 (E.D.N.Y. 1994).  Here, the accident occurred in Susquehanna County, and as a result, the citizens of the Middle District of Pennsylvania have a greater interest in determining the outcome of this case.

The Pioneer Defendants also submit that discovery and trial will be easier and more expeditious in the Middle District of Pennsylvania.  As noted, supra, a view of the accident scene will be necessary during discovery of this matter, if not trial itself.  The relative ease of access to the site of the decedent's accident is sufficiently aided by transfer of this action to the Middle District of Pennsylvania.  Accordingly, the public interest factors also favor transfer of this action to the Middle District of Pennsylvania.

## II.   CONCLUSION

WHEREFORE, Defendants Pioneer Drilling Services, Ltd.'s ("Pioneer Services") and Pioneer Drilling Company's request that this Honorable Court grant their Motion to Transfer Venue pursuant to 28 U.S.C. §1404 and transfer venue to the United States District Court for the Middle District of Pennsylvania.

**Respectfully Submitted,**

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:   */s/Ralph P. Bocchino, Esquire*
      RALPH P. BOCCHINO, ESQUIRE
      KAITLIN B. DECRESCIO, ESQUIRE

2000 Market Street, Suite 2300
Philadelphia, PA 19103
Attorneys for Defendants,
Pioneer Drilling Services, Ltd. and
Pioneer Drilling Company

Dated:  January 9, 2013

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of Defendants, Defendants, Pioneer Drilling Services, Ltd.'s and Pioneer Drilling Company's Supplemental Brief in support of its Motion to Transfer Venue were served to counsel below via electronic mail:

Todd Schoenhaus, Esquire
EISENBERG, ROTHWEILER, WINKLER,
EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA 19103

Jeffrey D. Roberts, Esquire
BURNS WHITE
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John M. Donahue
STRACHAN & HATZELL
One Liberty Place
1650 Market Street, Suite 3800
Philadelphia, PA 19103

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _Kaitlin DeCrescio_

RALPH P. BOCCHINO, ESQUIRE
KAITLIN B. DECRESCIO, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Attorneys for Defendants,
Pioneer Drilling Services, Ltd. and
Pioneer Drilling Company

Dated: January 9, 2013

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHERIE LEATHERMAN, both      :
INDIVIDUALLY, and as the ADMINISTRATRIX   :
Of the ESTATE OF GREGORY BRET WALKER   :      CIVIL ACTION 2:12-cv-03783-JD

          vs.             :

CABOT OIL & GAS CORPORATION;      :
PIONEER DRILLING SERVICES, LTD.;      :
PIONEER DRILLING, INC.;      :
And DEAN'S CASING SERVICES      :

## RESPONSES TO PLAINTIFF'S VENUE DISCOVERY INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS BY DEFENDANTS PIONEER DRILLING SERVICES, LTD. AND PIONEER DRILLING COMPANY (INCORRECTLY IDENTIFIED AS "PIONEER DRILLING, INC.")

Defendants, Pioneer Drilling Services, Ltd. and Pioneer Drilling Company[1] hereby respond to Plaintiff's Venue Discovery Interrogatories and Request for Production of Documents. Pioneer Drilling Services, Ltd. is a subsidiary of Pioneer Drilling Company and both are Texas Corporations with their principal places of business at 1250 N.E. Loop 410, Suite 1000, San Antonio, Texas. Pioneer Drilling Services is the corporation which was involved in the Project at Depaloa Farm in Dimock, Susquehanna County, Pennsylvania, which is where the decedent's accident occurred.

Defendants object to any Interrogatory or Request for Production of documents that goes beyond the permissible scope of the Court's September 19, 2012 Order, permitting Plaintiff to seek Jurisdictional Discovery against the Pioneer Defendants solely for the purposes of the Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a). Answering Defendants object to the

---

[1]As of July 30, 2012. Pioneer Drilling Company changed its name to Pioneer Energy Services Corp.

instructions and omnibus definitions given by the Plaintiff. By way of further answer and without waiving said Objections, Answering Defendants respond as follows:

1.      Objection. Answering Defendants object to this Interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of evidence relevant to the public and private interests factors being decided in the Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a). By way of further answer and without waiving said objection the following individuals are Pioneer employees, and former employees, who were working on or near the drilling rig around the time that the accident occurred:

(a)-(b)

        i.) Gamalia Andy Wilson Jr.
          Superintendent
          Terminated on 7/23/2010
          555 Heritage Ct
          Canton, TX  75103

        ii.) Michael C. Smith
          Rig Manager
          Terminated on 6/5/2011
          257 Tomahawk
          Evanston, WY  82930

        iii.) Aaron Taft
          Floors
          Terminated on 11/15/2010
          7709 Avenue W.
          Lubbock, TX  79423

        iv.) Chris Bain
          Driller
          Active
          2818 57th St.
          Lubbock, TX  79413

v.) Jay Kremling
   Derrick
   Terminated on 7/26/2011
   11362 FM 531
   Hallettsville, TX  77964

   Previous Address:  3846 SR 29, Springville, PA  18844

vi.) Justin Kremling
   Motor
   Active
   909 Boyle Street
   Yoa Kum, TX  77964

   Previous
   4013 Hurlwood Cir
   Corpus Christi, TX  78410

vii.)  John Krayeski
   Floors
   Terminated on 12/20/2011
   PO Box 424
   Nicholson, PA  18846

   Previous:  252 States Park Rd, Springville, PA  18844


(c)      Answering Defendants object to subparagraph (c) of this Interrogatory as
it requests information which is outside of the permissible scope of the
jurisdictional discovery ordered by the Court for the purposes of the Motion to
Transfer Venue. As the Response to Interrogatory 1(a)-(b) makes clear, none of
these employees or former employees reside within the Eastern District of
Pennsylvania. Only former Pioneer employee John Krayeski is listed as having a
current address in Nicholson, Wyoming County, Pennsylvania within the Middle
District of Pennsylvania.   Mr. Krayeski and Jay Kremling have previous
addresses in Springville, Susquehanna County, Pennsylvania, also within the
Middle District of Pennsylvania. Therefore, none of Pioneer's employees or
former employees who may be called as witnesses for deposition and/or trial are
residents of the Eastern District of Pennsylvania.

By way of further answer and without waiving said objection, this interrogatory
will be further developed during discovery on the merits of Plaintiff's claims.

2.     Objection.  Answering Defendants object to this Interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of evidence relevant to the public and private interests factors being decided in the Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a).  By way of further answer and without waiving said objection other individuals who may have information regarding the accident are:

> (a)-(b)  (i)     Shawn Hill
> HSE Supervisor
> Terminated on 9/17/2010
> 1342 Rhodes Lane
> Bowie, TX  76230
>
> (ii)    Carlos R. Pena
> Senior Vice President, General Counsel
> c/o Pioneer Drilling Company
> 1250 N.E. Loop 410, Suite 1000
> San Antonio, TX  78209
>
> (c)     Answering Defendants object to subparagraph (c) of this Interrogatory as it requests information which is outside of the permissible scope of the jurisdictional discovery ordered by the Court for the purposes of the Motion to Transfer Venue.   By way of further answer and without waiving said objection, this interrogatory will be further developed during discovery.

3.     Objection.  Answering Defendants object to this Interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of evidence relevant to the public and private interests factors being decided in the Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a).  By way of further answer, and without waiving said objection, this Interrogatory and Request for Production will be further developed during the course of discovery.

4.     Objection.  Answering Defendants object to this Interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of evidence relevant to the public and private interests factors being decided in Answering Defendants' Motion to Transfer Venue

4

pursuant to 28 U.S.C. §1404(a). This Interrogatory and Request for Production will be further developed during the course of discovery. By way of further answer, and without waiving said objection, the relevant documents are located at Pioneer's principal place of business at 1250 N.E. Loop 410, Suite 1000, San Antonio, Texas. These documents are accessible electronically.

5.      Objection. Answering Defendants object to this interrogatory as it requests information which is within the possession and/or control of a party or entity other than the Answering Defendants. By way of further answer and without waiving said objection, the drilling rig at issue in this litigation is now located in Texas. It is probable that the pipe casing is still within the well at Depaola Farms in Dimock, Susquehanna County, Pennsylvania, in the Middle District of Pennsylvania. The stabbing board and other casing equipment is the property of the casing company.

6.      Objection. Answering Defendants object to this interrogatory as it requests information which is within the possession and/or control of a party or entity other than the Answering Defendants. By way of further answer and without waiving said objection, the drilling rig is currently located in Texas. A site inspection at Depaola Farms, in Dimock, Susquehanna County, Pennsylvania, will be necessary during discovery. A site inspection may also be helpful and/or necessary during trial to aid and assist the jury.

7.      Objection. Answering Defendants object to this Interrogatory as it is overly broad and not reasonably calculated to lead to the discovery of evidence relevant to the public and private interests factors being decided in Answering Defendants' Motion to Transfer Venue pursuant to 28 U.S.C. §1404(a). Pioneer is not basing its Motion to Transfer Venue on an argument that it will be adverse to its financial or physical condition. Therefore, this Interrogatory is irrelevant to the issues presented by the Answering Defendants in their Motion to

Transfer Venue.  By way of further Answer, and without waiving said objection, Pioneer is a

publically traded company on the NYSE and its financial records are public record.

Respectfully Submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _Kaitlin deCrescio_
RALPH P. BOCCHINO, ESQUIRE
KAITLIN B. DECRESCIO, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Attorneys for Defendants,
Pioneer Drilling Services, Ltd. and
Pioneer Drilling Company

Dated: _12 /14 /2012_

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of Defendants, Defendants, Pioneer Drilling Services, Ltd.'s  and Pioneer Drilling Company's responses to Plaintiff's Venue Interrogatories and Request for Production of Documents were served to counsel below via First Class Mail, and electronic mail:

Todd Schoenhaus, Esquire
EISENBERG, ROTHWEILER, WINKLER,
EISENBERG & JECK, P.C.
1634 Spruce Street
Philadelphia, PA 19103

Jeffrey D. Roberts, Esquire
BURNS WHITE
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

John M. Donahue
STRACHAN & HATZELL
One Liberty Place
1650 Market Street, Suite 3800
Philadelphia, PA 19103


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY: _Kaitlin DeCrescio_
RALPH P. BOCCHINO, ESQUIRE
KAITLIN B. DECRESCIO, ESQUIRE
2000 Market Street, Suite 2300
Philadelphia, PA 19103
Attorneys for Defendants,
Pioneer Drilling Services, Ltd. and
Pioneer Drilling Company

Dated: 12/14/2012

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHERIE LEATHERMAN, both Individually   :
and as the Administratrix of the ESTATE   :
OF GREGORY BRET WALKER,   :
Deceased   :   CIVIL ACTION NO. 2:12-cv-03783-JD
   :
         Plaintiff,   :
   :
  v.   :
   :
CABOT OIL & GAS CORPORATION,   :
PIONEER DRILLING SERVICES, LTD,   :
PIONEER DRILLING, INC. and DEAN'S   :
CASING SERVICES, INC.   :
   :
      Defendants.   :

## ANSWERS AND RESPONSES TO PLAINTIFF'S VENUE DISCOVERY
## PROPOUNDED UPON DEFENDANT CABOT OIL & GAS CORPORATION

AND NOW, comes Defendant, Cabot Oil & Gas Corporation (hereinafter "Cabot"), by and through its attorneys, Burns White LLC and Jeffrey D. Roberts, Esquire, and files the within Answers and Responses to Plaintiff's Venue Discovery.

### GENERAL OBJECTIONS

1.     Cabot objects to these interrogatories and requests to the extent they call for information which was prepared in anticipation of litigation or for trial, or call for information and materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

2.     Cabot objects to these interrogatories and requests to the extent they seek confidential and/or proprietary business information. For each response for which plaintiffs seek information that is confidential and/or proprietary and to which Cabot

states that it will produce documents, it will do so only after a protective order is in place so as to ensure the protection of confidential and proprietary business information.

3.      Cabot objects to these interrogatories and requests to the extent they seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS

1.      Cabot objects to the definitions contained in these interrogatories and requests for production to the extent that Plaintiff tries to expand, enlarge or alter Cabot's obligations under the Federal Rules of Civil Procedure or any applicable court order.  Cabot specifically objects to the extent that Plaintiff's instructions purport to require or obligate Cabot to produce or attempt to describe information not within Cabot's possession, custody or control.  Cabot will respond to this written discovery in a manner consistent with federal law, the applicable Federal Rules of Civil Procedure and any Court Order.

2.      Cabot objects to the definitions contained in these interrogatories and requests for production to the extent such definitions and instructions seek or could be construed to impair any party's assertion of legitimate privileges.

3.      Cabot objects to any definition which precedes Plaintiff's interrogatories and requests to the extent that any such definition goes beyond the usual and customary definition of any terms listed by Plaintiff.  Cabot will respond by applying the usual and customary meaning of all terms contained in Plaintiff's discovery requests.

4.      Cabot objects to the Definition of "you" or "yours" or "your company" or "defendant" inasmuch as Cabot has no authority to respond on behalf of any entity or

2

individual other than itself.  Cabot responds to all written discovery using you or yours or defendant to mean Cabot Oil & Gas Corporation.

5. Cabot objects to all interrogatories and requests that are intended to and/or could be construed to prematurely bind Cabot to certain information or positions contained in its initial responses thereto before completion of all discovery herein and before a trial setting.

Subject to and without waiving any of the foregoing objections, which are incorporated by reference in each answer and response to these interrogatories and requests, Cabot responds as follows:

## ANSWERS TO INTERROGATORIES AND
## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Identify all individuals who witnessed the accident or were working on the drilling project in the general proximity of where the accident occurred.  For each such individual, provide the person's:

    (a)    name, residential and business addresses, at the time of the accident and at present;

    (b)    employer, job title and/or position (including but not limited to officer), at the time of the accident and at present; and

    (c)    subject of knowledge or information concerning the accident.

ANSWER:

Cabot did not have any employees or personnel on the job site at the time of the alleged incident that is the subject of Plaintiff's Complaint.  Instead, Cabot retained an independent contractor, C Bar K Petroleum Services, to monitor the job site and to ensure that drilling was proceeding according to plan.  It is believed that two employees of C Bar K Petroleum Services were present when the incident that is the subject of

Plaintiff's Complaint occurred: Bill Johnson and James Johnson.  Cabot does not have last known addresses for either Bill Johnson or James Johnson.

2.  Identify all individuals not identified above who otherwise have knowledge or information concerning the accident or its factual circumstances.  For each such individual, provide the person's:

(a)  name, residential and business addresses, at the time of the accident and at present;

(b)  employer, job title and/or position (including but not limited to officer), at the time of the accident and at present; and

(c)  subject of knowledge or information concerning the accident.

ANSWER:

Cabot objects to this Request as impermissibly vague, overly broad and unduly burdensome as it does not state what constitutes "knowledge or information concerning the accident" or limit the request in any manner to a specific department or class of employee.  Subject to and without waiving these objections, the following individuals are believed to have discoverable information:

- George Taylor
  Drilling Supervisor
  Three Memorial City Plaza
  840 Gessner Road
  Houston, TX 77024
- Jerry Dugas
  8279 S.R. 29
  Montrose, PA 18801
- Gordon Ganaway
  Director, Safety & Environmental Compliance
  Three Memorial City Plaza
  840 Gessner Road
  Houston, TX 77024
- Art Stewart
  Senior Drilling Engineer
  No longer employed with Cabot.

4

3.      Identify and produce all documents pertaining to the accident, including but not limited to contract and subcontract agreements for the drilling project during which the accident occurred, investigation and incident notes or reports, and correspondence between any of the parties and/or Caliber Oilfield Services, Inc.

RESPONSE:

Cabot objects to this Request as it exceeds the scope of permissible discovery. More specifically, Cabot objects to this Request as it is not limited to the factors set forth in 28 U.S.C. § 1404(a) such as the physical location of records and documents.

4.      For each such document identified above, please state where it is located and by whom it is possessed, whether it can be accessed electronically, and any reason why it could not be made available at trial in the Eastern District of Pennsylvania.

ANSWER:

See Cabot's Answer and Objections to Interrogatory No. 3.   Subject to and without waiving its objections, unless an active working document, Cabot's documents are kept and stored in accordance with its document retention policy by appropriate designated custodians at its principal place of business at Three Memorial City Plaza, 840 Gessner Road, Houston, TX 77024.  Generally, most documents can be accessed electronically.

5.      Identify the location and possessor of any products involved in the accident, including but not limited to the pipe casing and stabbing board referenced in Plaintiff's Complaint.

ANSWER:

Cabot is not in possession of any products involved in the incident that is the subject of Plaintiff's Complaint.  The casing involved in the incident is believed to be located at the work site in Dimock, Susquehanna County, Pennsylvania.

6.     For each such product identified above, state any reason why it could not be made available at trial in the Eastern District of Pennsylvania and, if it could not be made available, whether you believe a site inspection is necessary to your defense of this case.

ANSWER:

It would be difficult and prohibitively expensive to attempt to transfer the casing involved in the subject incident from Dimock, Susquehanna County, Pennsylvania, to the Eastern District of Pennsylvania, as it is now a component of a gas well.  As to the remainder of Plaintiff's Interrogatory, Cabot has not yet conclusively determined whether it will request a site inspection as discovery regarding the merits of this matter has not yet begun, however, Cabot may avail itself of a site inspection in order to aid in its defense of Plaintiff's claims.

7.     Describe your financial and physical condition, including but not limited to revenue generated in the last five years, places of business, and current number of employees.

ANSWER:

Cabot objects to this interrogatory as overly broad and unduly burdensome.  In addition, Cabot objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence as Cabot is not seeking to transfer venue on the basis of its financial

condition.  Subject to and without waiving these objections, the requested information is

a matter of public record as available to Plaintiff as it is to Cabot.

Respectfully submitted,

BURNS WHITE LLC

By: _____

Jeffrey D. Roberts, Esquire
PA I.D. No. 85922
*[pro hac vice]*
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212
(412) 995-3133
Attorneys for Defendant
Cabot Oil & Gas Corporation

Dated: *18  DCC  12*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of December, 2012, a true and correct copy of Defendant Cabot Oil & Gas Corporation's Answers and Responses to Plaintiff's Venue Discovery was served on counsel below via email and First Class Mail, postage prepaid, as follows:

Todd Schoenhaus, Esq.
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA 19103
*(Counsel for Plaintiff)*

Ralph P. Bocchino, Esq.
Marshall Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
*(Counsel for Defendants Pioneer Drilling
Services, Ltd. and Pioneer Drilling, Inc.)*

John M. Donahue, Esq.
Strachan & Hatzell
One Liberty Place
1650 Market Street, Suite 4100
Philadelphia, PA 29204
*(Counsel for Defendant, Dean's Casing Services)*


Respectfully submitted,

BURNS WHITE LLC


By: _____
Jeffrey D. Roberts, Esquire
*[pro hac vice]*
Attorneys for Defendant
Cabot Oil & Gas Corporation

# EXHIBIT "C"

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHERIE LEATHERMAN, both individually )
and as the Administratrix of the Estate of )
GREGORY BRET WALKER )
     v. )
CABOT OIL & GAS CORPORATION )
     and )
PIONEER DRILLING SERVICES, LTD. )     2:12 – CV – 03783
     and )
PIONEER DRILLING, INC. )
     and )
DEAN'S CASING SERVICES )

## Answers and Responses of Defendant, Dean's Casing Services, to the Plaintiff's Amended Discovery

1. Everett Maynard, supervisor in PA, on duty at the time of the accident. Debra Boyd, office manager in OK.

2. 593 Decker Road, Sugar Run, PA

3. Objection. The answering defendant objects to the burden and relevance of this interrogatory. The issue at hand in regard to Judge DuBois' court order of 9/19/12 relates only to "citizenship" and "venue" — that is, the business activities of Dean's Casing Service in Pennsylvania and a determination of its state of citizenship. Such inquiry would not include each and every business activity of Dean's Casing in every state it has touched.

4. Objection. The information sought in this interrogatory is burdensome, harassing and largely irrelevant to the issues presented in the motion to remand and the motion to transfer venue. In particular, information relating to each director and each employee's residential address is irrelevant and will not be provided. Subject to the foregoing objection, the officers of Dean's Casing are as follows:

Dean Goforth, President (resident of Oklahoma);

Cary Goforth, VP (resident of Oklahoma); and
Christopher Goforth, Sec./Treasurer (resident of Oklahoma);
The address of Dean's Casing Services is 200 W. Main St., Holdenville, OK 74848.

5.  There are three officers and directors of Dean's Casing Service as noted in #4
    above.  The identity of all employees working in PA over the requested time
    frame is unknown, since they work for varying lengths of time on specific jobs,
    and then return home.  There were roughly 25 – 30 employees working in
    Bradford County, PA over the past 3 ½ years, but not more than 15 employees
    working in this state at any one time, including supervisors.  President Dean
    Goforth comes to PA a few times each year.

6.  See answer to #4 above.  There were a total of three shareholders collectively
    owning all shares in the company.

7.  In PA, over the past 3 ½ years Dean's has worked on various jobs, mostly small
    in nature, in Towanda, Bradford County.  The equipment and temporary office
    is located in Sugar Run, Bradford County.  The nature of the business is the
    installation of well casings.

8.  Unknown.  Such records are not maintained.  See answer to #7 above.

9.  Approximately $9,000,000 of business in PA.  Also, see answer to #7 above.

10.  Objection.  The actual "bids" contain proprietary information and are
     irrelevant to the issues identified in the Court Order.  Subject to the foregoing
     objection, Dean's has bid on only one contract, and that was for Chesapeake
     Energy.

11.  Dean's was awarded only one project contract, and that was for Chesapeake
     Energy.  The actual contract – the "master services agreement" – contains
     proprietary information and will not be produced.

12.  Only one "project" was performed, and that was for Chesapeake Energy.

13.  Objection.  This interrogatory is unreasonable, burdensome and seeks
     information irrelevant to the issues identified in the Court Order.  Only one
     "project" was performed, and that was for Chesapeake Energy.  Lesser jobs were
     performed for Cabot Oil.

14.   Objection.  The revenues earned by Dean's Casing on the project, which is the subject of this lawsuit is irrelevant to a determination of the issues of "citizenship" and "venue."  Subject to and without waiving the foregoing objection, see answer to #7.

15.   Objection.  The amount of taxes paid by Dean's Casing in PA are irrelevant to the issues of "citizenship" and "venue."

16.   Objection.  The issue of "active" vs. "inactive" OTC corporate status in the State of Oklahoma is irrelevant to the determination of citizenship.  See the memoranda of law filed of record by Dean's Casing and Cabot Oil in response to Plaintiff's Motion to Remand.

17.   The business of Dean's Casing Service is to provide well casings to oil and gas drillers in OK, AK, and PA.  Approximately 25% of the total number of jobs are performed in PA.

18.   Objection.  Dean Goforth is not a defendant in this lawsuit, and therefore his real property interests are irrelevant to the issues identified in the Court Order.

19.   Oklahoma.

20.   Objection.  This interrogatory is unreasonable, burdensome and seeks information irrelevant to the issues identified in the Court Order.  Projects and services performed outside of PA are irrelevant.  See answer to #7.

21.   Objection.  This interrogatory is unreasonable, burdensome and seeks information irrelevant to the issues identified in the Court Order.  All meetings of upper management and members of the BOD occur in Oklahoma.  With respect to any sort of "meeting" in Pennsylvania, such meetings generally occur in Bradford County.

22.   Since no time frame is identified in this interrogatory, the total current value of all equipment owned and employed by Dean's in PA is less than $500,000.  Dean's owns no real property in Pennsylvania.

23.   There were no known eyewitnesses employed by Dean's who observed the subject accident.  There were three employees of Dean's who were on job, but it is believed none observed the subject accident.  The identities of those employees are Greg Martinez, Philipi Mendoza, and Francisco Peralez.  The defendant has

no "documents concerning the accident."

24.    Objection. This interrogatory is unreasonable, burdensome and seeks information irrelevant to the issues identified in the Court Order. Moreover, the phrase "direct or indirect business purpose" is vague and confusing. Subject to the foregoing objection, the physical offices of Dean's are located on 200 W. Main St. in Oklahoma. With respect to Pennsylvania, Dean's rents a property for storage of equipment and small meetings at the Sugar Run location identified in the caption to this lawsuit. Dean's also rents property from time-to-time to conduct business in Arkansas.

25.    Objection. This interrogatory is unreasonable, burdensome and is beyond the scope of the issues identified in the Court Order. This request also seeks production of proprietary documents largely irrelevant to the "citizenship" and "venue." Subject to the foregoing objection, Dean's did not enter into a contract with any of the companies listed in this request.

26.    Objection. This interrogatory is unreasonable, burdensome and has the purpose of harassing the defendant. See answer to #7.

27.    Objection. This interrogatory is unreasonable, burdensome and has the purpose of harassing the defendant. See answer to #7.

28.    None.

29.    None.

30.    Objection. The information contained in federal tax returns is irrelevant the issues identified in the Court Order. The information contained in state tax returns, other than PA and OK is also irrelevant. The only state income tax return filed by Dean's is in Oklahoma.

31.    None, but see the company web site, **www.deanscasingservice.com.**

4

STRACHAN & HATZELL

By: _____

John M. Donahue, Esquire
Attorney ID 27268
STRACHAN & HATZELL
Suite 3800, One Liberty Place
1650 Market Street
Philadelphia, PA 19103
(215) 255-6400
*Attorney for Dean's Casing Services*

5