IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERIE LEATHERMAN, both individually and as the Administratrix of the Estate of Gregory Bret Walker, Deceased     Plaintiff,<br><br>v.<br><br>CABOT OIL & GAS CORPORATION, PIONEER DRILLING SERVICES, LTD., PIONEER DRILLING, INC., and DEAN'S CASING SERVICES, INC.,     Defendants. | CIVIL ACTION<br><br>NO.  12-3783 |

DuBois, J.                                                                                              March 29, 2013

**M E M O R A N D U M**

**I.      INTRODUCTION**

This case arises out of the injury and subsequent death of Gregory Walker.  His death allegedly resulted from an accident which occurred while he was working on a "gas rig platform."  (Compl. at 3.)  Plaintiff, Cherie Leatherman, brought suit individually and on behalf of Walker's estate in the Court of Common Pleas of Philadelphia County, against defendants Cabot Oil & Gas Corporation ("Cabot Oil & Gas"), Pioneer Drilling Services, Ltd., Pioneer Drilling Services, Inc. (collectively "Pioneer"), and Dean's Casing Services, Inc. ("Dean's Casing").  Defendant Cabot Oil & Gas removed to this Court based on diversity of citizenship.

Plaintiff filed a Motion to Remand in which she alleged that there was no diversity of citizenship.  Each of the defendants also filed motions to dismiss or alternatively transfer the case to the Middle District of Pennsylvania under, inter alia, 28 U.S.C. § 1404(a).  The Court ordered discovery relevant to the pending motions and the parties supplemented their filings.

For the reasons stated below, the Court denies Plaintiff's Motion to Remand, denies those parts of defendants' motions seeking dismissal, and grants those parts of defendants' motions seeking transfer to the Middle District of Pennsylvania. The Court addresses the respective issues in turn.

## II. DISCUSSION

### 1. Remand

Plaintiff asserts that this case was improperly removed because at least one of the defendants is a citizen of Pennsylvania, thus destroying diversity. Corporations are deemed citizens of (1) their state of incorporation and (2) their principal place of business. 28 U.S.C. § 1332(c). Plaintiff contends that defendant Dean's Casing has not shown that its principal place of business is outside Pennsylvania. In an affidavit, Dean's Casing's Office Manager Debra Boyd, stated that Dean's Casing is an "Oklahoma Corporation, with a principal place of business located at . . . Holdenville, O[klahoma]." (Dean's Resp., Ex. A.)[1]

A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" Hertz Corp. v. Friend, 130 S.Ct. 1181, 1192 (2010). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Id. at 1194.

---

[1] Plaintiff notes that Dean's Casing was listed as an inactive corporation in Oklahoma, the purported place of incorporation. Plaintiff then conducted further discovery on this issue, including the taking of Boyd's deposition. Following this discovery, Dean's Casing notified the Court that it had been reinstated as a corporation in good standing in Oklahoma and submitted a copy of the relevant Certificate of Good Standing issued by the Oklahoma Secretary of State. (See Dean's Casing Supp. Mem., Ex. A.)

Plaintiff took the deposition of Dean's Casing's Office Manager Debra Boyd. At the deposition, Boyd testified to the following facts: the company's books and records are located in Oklahoma (Dep. at 42); the three officers of the company meet annually in Oklahoma to discuss company business (Id. at 40); the three officers are always based in Oklahoma, with one taking trips to Pennsylvania three to four times a year (Id. at 38); upper management meetings occur in Oklahoma (Id. at 81-82); requests for company jobs in Pennsylvania sometimes are received in the Pennsylvania office and other times the requests are received at the Oklahoma office and are then "farmed out" to Pennsylvania (Id. at 80-81); and company business activities are and have "forever" been directed, coordinated and controlled in Oklahoma. (Id. at 79.)

The Court concludes that, based on the above testimony, Dean's Casing's principal place of business, its "nerve center," is in Oklahoma. Accordingly, complete diversity is present, and plaintiff's Motion to Remand is denied.

2.  Transfer

Dean's Casing, Cabot Oil & Gas, and Pioneer have each filed motions seeking, in part, the transfer of the case to the Middle District of Pennsylvania based on forum non conveniens. 28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." Thus, the Court must consider (1) whether the case could originally have been brought in the Middle District and (2) whether a transfer is in the interests of justice.

First, the general venue provisions in 28 U.S.C. § 1391(b) provide, inter alia, that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to

the claim occurred . . . . " As the accident giving rise to this case occurred in Dimrock Township, in the Middle District of Pennsylvania, plaintiff could have originally brought suit in the Middle District.

Second, the Third Circuit has identified a number of public and private interests that courts are to consider in deciding whether a motion to transfer pursuant to § 1404(a) is in the "interest of justice." See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).

"Private interests" include plaintiff's forum preference as manifested in the original choice; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses; and the location of books and records. Id. at 879. "Public interests" include the enforceability of the judgment; practical considerations that could make the trial relatively easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80. The Court will address each interest in turn.

      A.      <u>Private Factor Number One: Plaintiff's Choice of Venue</u>

Generally, a court should give a plaintiff's choice of venue substantial weight in determining whether to grant a motion to transfer under § 1404(a). However, a plaintiff's choice of venue is given less weight if the plaintiff chooses a venue in which he or she does not reside and in which none of the operative facts giving rise to the suit occurred. See, e.g., Schoonmaker v. Highmark Blue Cross Blue Shield, 2009 WL 3540785, at *1 (E.D.Pa. Oct.30, 2009); Hamilton v. Nochimson, 2009 WL 2195138, at *3 (E.D.Pa. July 21, 2009).

Plaintiff resides in Colorado and the accident giving rise to the suit occurred in Dimrock Township, Pennsylvania, which is located in the Middle District of Pennsylvania. This factor weighs against transfer, but is given less weight due to plaintiff's non-resident status and the fact that the underlying events occurred in the Middle District.

      B.     Private Factor Number Two: Defendant's Choice of Venue

"The second factor, defendant's forum choice, is entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." Coppola v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D.Pa. 2008). All defendants prefer to litigate this suit in the Middle District of Pennsylvania, which weighs in favor of transfer.

      C.     Private Factor Number Three: The Claim Arose Elsewhere

"When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer." Hamilton v. Nochimson, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009). Again, the accident giving rise to this suit occurred in the Middle District of Pennsylvania. This factor weighs heavily in favor of transfer.

      D.     Private Factor Number Four: Convenience of the Parties

Neither plaintiff nor defendants are residents of Pennsylvania, and thus there is no difference between the Eastern and Middle Districts in terms of convenience. While plaintiff's counsel is based in the Eastern District, "[t]he convenience of counsel is not a factor to be considered." Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3rd Cir. 1973). This factor is neutral.

E.     Private Factor Number Five: Convenience of the Witnesses

A court may consider the convenience of witnesses when ruling on a § 1404(a) motion, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879; see also Lempke v. Gen. Elec. Co., No. 10–5380, 2011 WL 3739499, at *3 (E.D.Pa. Aug.25, 2011).  Defendant has "the burden of identifying witnesses who would be unavailable at trial." Brenner v. Consol. Rail Corp., No. 09–1574, 2009 WL 2710241, at *3 (E.D.Pa. Aug.26, 2009).

Plaintiff submitted affidavits from certain potential witnesses who attested that it would not be inconvenient for them to travel to the Eastern District.  Several of the witnesses identified by plaintiff reside in the Middle District and the Court assumes that it would not be inconvenient for them to participate in a trial in that district.  As neither party has identified any witnesses who would be unavailable for trial in either district, this factor is neutral.

F.     Private Factor Number Six: Location of Books and Records

A Court may consider the location of books and records, again, "only to the extent they may be unavailable in one fora." Cole v. McGuire Bros. Const., Inc., 2005 WL 3077902, at *7 (D.N.J. Nov. 15, 2005).  Defendants assert that the medical records relating to this case would be found in the Middle District.  However, it is likely that such records "that would be needed at trial could easily and inexpensively be transported . . . either electronically or physically." Id. This factor is neutral.

G.     Public Factor Number One: Enforceability of Judgment

The parties agree that the judgment would be equally enforceable if the case were tried in either district.   This factor is neutral.

H.    Public Factor Number Two: Practical Considerations

Defendants note that the accident site is located in the Middle District and that a viewing of the site will be "necessary during discovery . . . if not [during the] trial itself." (Pioneer Sup. at 8.) Defendants also assert that several witnesses, including the medical first responders, are located in the Middle District. This factor weighs in favor of transfer.

I.    Public Factor Number Three: Court Congestion

As neither party makes any argument regarding this factor, the Court does not address it.

J.    Public Factor Number Four: Local Interest

Defendants assert that the citizens of the Middle District have a greater interest in determining the outcome of this case, as the accident occurred there. See Cable v. Allied Interstate, Inc., 2012 WL 1671350, at *5 (E.D. Pa. May 11, 2012) ("The Middle District of Pennsylvania has substantially more interest in this case than does this Court. Plaintiffs . . . suffered all of their injuries there. This case has no relation to the Eastern District of Pennsylvania other than the location of plaintiffs' counsel."). This factor weighs in favor of transfer.

K.    Public Factors Numbers Five and Six: Public Policies and Familiarity with State Law

As neither party makes any argument as to the fifth or sixth public factors, the Court does not address them.

L.    Conclusion

The preference of plaintiff weighs against transferring the case to the Middle District of Pennsylvania. However, several factors weigh strongly in favor of transfer: the case arose in the

7

Middle District and has no connection to the Eastern District, defendants all prefer to have the case tried in the Middle District, practical considerations establish that trial in the Middle District would be more efficient, and the Middle District has greater local interest in deciding this case.

"Although plaintiff's choice of venue 'generally receives substantial weight,' [plaintiff's] choice in this case receives 'diminished weight' because [she] chose a forum in which [she] does not reside and in which none of the conduct giving rise to h[er] claims occurred," Schoonmaker v. Highmark Blue Cross Blue Shield, 2009 WL 3540785, at *2 (E.D. Pa. Oct. 30, 2009). In short, this case has nothing to do with the Eastern District of Pennsylvania and should be heard in the Middle District of Pennsylvania. The Court concludes that defendants have met their burden of demonstrating that transferring this case to the Middle District of Pennsylvania would be in the interest of justice. Accordingly, those parts of defendants' motions requesting transfer to the Middle District of Pennsylvania are granted.

    3.    <u>Dismissal for Improper Venue</u>

In their respective motions, Dean's Casing and Cabot Oil and Gas also seek dismissal on the ground of improper venue, pursuant to certain venue requirements in 28 U.S.C. § 1391. The Court denies those parts of defendants' motions. 28 U.S.C. § 1391 provides the general circumstances in which venue is proper for civil actions in federal court. However, 28 U.S.C. § 1441(a) provides that civil actions may be removed by defendants "to the district court of the United States for the district and division embracing the place where such action is pending." Thus, because this case was properly removed, venue is presumptively proper in this district and the requirements for venue under 28 U.S.C. § 1391 do not apply. See Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953).

4.        Dismissal on Merits

Finally Cabot Oil & Gas requests, inter alia, that certain of plaintiff's claims be dismissed. Alternatively, Cabot seeks a more definite statement under Fed. R. Civ. P. 12(e), and that certain portions of the Complaint be stricken pursuant to Fed. R. Civ. P. 12(f).

The Court will deny without prejudice such parts of the Motion, as those issues are "left to the discretion" of the United States District Court for the Middle District of Pennsylvania. See Frestrec Food Processing, Equip. Int'l, LLC v. Easy Tray, LLC, 2005 WL 3116030, at *6 (W.D. Pa. Nov. 22, 2005).

**III.    Conclusion**

For the foregoing reasons the Court denies plaintiff's Motion to Remand, grants those parts of defendants' motions seeking transfer to the Middle District of Pennsylvania, denies those parts of defendants' motions seeking dismissal for improper venue, and denies without prejudice the remainder of defendants' motions. An appropriate order follows.